NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 29 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ODILIA ALVAREZ-CORRAL, | No. 14-72299 |
| Petitioner, | Agency No. A077-442-862 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Secretary of Homeland Security

Submitted November 15, 2017**
San Francisco, California

Before: GOULD and MURGUIA, Circuit Judges, and GRITZNER,*** District Judge.

Odilia Alvarez-Corral, a native and citizen of Mexico, petitions for review of

an expedited removal order reinstated by the Secretary of Homeland Security and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

an immigration judge's subsequent determination that Alvarez-Corral did not have a reasonable fear of persecution or torture in Mexico. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We do not have jurisdiction to consider Alvarez-Corral's collateral attack on her underlying expedited removal order. *See Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1139 (9th Cir. 2008).

The immigration judge's decision is sufficiently detailed to satisfy the requirements of due process. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004).

The immigration judge's reasonable fear determination is supported by substantial evidence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 831 (9th Cir. 2016). Alvarez-Corral denied suffering past persecution or torture in Mexico. Alvarez-Corral speculated that her ex-boyfriend might harm her if she returned to Mexico, yet she identified no specific threats and admitted to having no recent contact with him. Also, Alvarez-Corral mentioned only hearing stories of the Mexican government and police's ineffectiveness, but she has no individualized reason to think that it would acquiesce in her being harmed. We conclude that this evidence would not compel any reasonable adjudicator to conclude that Alvarez-Corral had a reasonable fear of persecution or torture. *See id.* at 833.

**DISMISSED in part; DENIED in part.**